RECEIVED
DEC 17 2008
U.S. PROBATION OFFICE
SIOUX FALLS, S. DAK.

FILED
DEC 1 2008
CLERK

# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

## CENTRAL DIVISION

*******************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 08-30115-CBK |
| Plaintiff, | * | |
| -vs- | * | ORDER AUTHORIZING RELEASE TO HALFWAY HOUSE FACILITY (GLORY HOUSE) |
| JACOB DALE PAY PAY, | * | |
| Defendant. | * | |

*******************************************************************************

The Court believing that Defendant, in accordance with 18 U.S.C. §3141, et. seq., could be appropriately released to a halfway house under specific conditions and that such a release would overcome any risk of nonappearance and/or danger he presents to himself and to others, now, based on the totality of the circumstances present and good cause appearing, it is hereby

ORDERED that Defendant shall be released, on his own personal recognizance, based on his promise to appear, to the Glory House, 4000 South West Avenue, Sioux Falls, South Dakota 57107 (telephone number 605-332-3273), subject to the terms and conditions as set forth herein. It is further

ORDERED that Defendant shall reside at and participate in any and all recommended programs at the Glory House under the supervision of staff there. It is further

ORDERED that Defendant shall be released from the custody of the United States Marshal's Service who shall forthwith transport Defendant to and from the Glory House. It is further

ORDERED that Defendant shall comply with and abide by all of the rules and regulations imposed on him. Defendant shall likewise abide by and comply with the following additional conditions:

1. He shall not commit any offense in violation of federal, state or local law while on release;

2. He shall appear at and participate in all case-related matters scheduled by his attorney;

3. He shall promptly answer all correspondence and promptly return all telephone calls from his attorney and shall cooperate fully with his attorney so that his attorney is able to properly and efficiently manage his case;

4. He shall appear at and participate in all proceedings as required by a judicial officer of the District of South Dakota; and

5. He shall not enter or remain within the exterior boundaries of the Cheyenne River Sioux Tribe unless authorization is first given by the Court to do so;

6. He shall not possess a firearm, destructive device or other dangerous weapon;

7. He shall not possess, consume or use an alcoholic beverage or a narcotic drug or other controlled substance, as defined in § 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription from a licensed medical practitioner;

8. He shall supply a sample of his blood, breath and other bodily fluids or substances upon the request of the Court, his Pretrial Services Officer, a U.S. Probation Officer or his/her designee;

9. He shall submit to a search and seizure at any time of the day or night of his person, personal possessions and property, which he may own or lease, or which he may exercise or have the right to exercise possession or control over whenever requested to do so by the Court, his Pretrial Services Officer, a U.S. Probation Officer or his/her designee;

10. He shall participate in programs approved by the Court to address issues related to alcohol and substance abuse and anger control, and follow any and all recommendations and/or directives made regarding the same;

11. He shall be subject to electronic monitoring, execute an agreement (to be provided by the United States Probation Office) regarding the same, and comply with all of the terms of the agreement.

12. He shall not have any initiated contact, direct or indirect, with the alleged victim, E.P.P. or her immediate family.

It is further

ORDERED that Defendant shall remain within the confines of the Glory House at all times unless permission is given to leave the facility by a judicial officer of the District of South Dakota. It is further

ORDERED that any and all transportation from the Glory House for court appearances, meetings with counsel or otherwise shall be the responsibility of Defendant. It is further

ORDERED that in the event Defendant fails or refuses to comply with the rules and regulations of the Glory House and/or the conditions set forth herein and is released from the Center for one or more violations of rules or conditions, he shall appear, within twenty-four (24) hours of his release, before the Court in Pierre, South Dakota, for a further hearing on his release status. It is further

ORDERED that within 1 hour following his release and/or discharge from the Glory House, for whatever reason, Defendant shall surrender himself to the United States Marshal's Service in Sioux Falls, South Dakota, and shall remain detained in the custody of the Marshal's Service pending the holding of a further hearing on his release status.

### ADVICE OF PENALTIES AND SANCTIONS

**Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the Defendant's arrest, a revocation of release, an**

3

order of detention, as provided in 18 U.S.C. §3148, and a prosecution for contempt as provided in 18 U.S.C. §401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

18 U.S.C. §3146. If after having been released, the Defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order, he shall be punished as hereafter provided in this section. If the Defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

> (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the Defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
> (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the Defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
> (3) any other felony, the Defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
> (4) a misdemeanor, the Defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the Defendant in the above-entitled case and that I am aware of all of the conditions of my release. I promise to obey all conditions of release, to appear as directed, and to surrender myself for service of any sentence that may be imposed. I am fully aware of the penalties and sanctions set forth above.

_____          12/17-08
SIGNATURE OF DEFENDANT                   DATE

Sioux Falls, SD
_____
CITY        STATE & ZIP CODE              TELEPHONE NO.

## DIRECTIONS TO UNITED STATES MARSHAL

Defendant may be released from the custody of the United States Marshal's Service to Glory House on Wednesday, December 17, 2008.

Dated this 16th day of December, 2008, at Pierre, South Dakota.

**BY THE COURT:**

_____
**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

**ATTEST:**
**JOSEPH HAAS, CLERK**
**BY:** _____
                **Deputy**
**(SEAL)**

5